UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2013 AUG -1 PM 3:59

| | |
|---|---|
| GUIDANCE IP LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.,<br><br>Defendant. | Civil Action No. 6:13-CV-1168-ORL-36 GJK<br><br>JURY TRIAL DEMANDED<br><br>INJUNCTIVE RELIEF REQUESTED |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Guidance IP LLC ("Plaintiff" or "Guidance"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendant T-Mobile USA, Inc. ("Defendant" or "T-Mobile") as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,719,584 entitled *"System and Method for Determining the Geolocation of a Transmitter"* (hereinafter, the "'584 Patent" or "Patent-in-Suit"; a copy of which is attached hereto as Exhibit A). Plaintiff is the owner of the Patent-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

### PARTIES

2. Guidance is a corporation organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 110 Greene Street, Suite 403, New York, New York 10012. Plaintiff is the owner of the Patent-in-Suit, and possesses all rights thereto, including the exclusive right to exclude the Defendant from

making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to license the Patent-in-Suit, and to sue the Defendant for infringement and recover past damages.

3. Upon information and belief, T-Mobile is a corporation duly organized and existing under the laws of the State of Delaware and having its principal place of business located at 12920 SE 38th Street, Bellevue, Washington 98006.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Florida and in this District; Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida and in this District; Defendant has sought protection and benefit from the laws of the State of Florida; Defendant regularly conducts business within the State of Florida and within this District, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Florida and in this District.

6. More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Florida, and this District. Upon information and belief, Defendant has committed patent infringement in the State of Florida and in this District. Defendant solicits customers in the State of Florida and in

this District. Defendant has many paying customers who are residents of the State of Florida and this District and who use Defendant's products in the State of Florida and in this District.

7. The prior owner of the '584 Patent, Harris Corporation, resides in this District and has its corporate headquarters at 1025 West NASA Blvd., Melbourne, FL 32919-0001.

8. On information and belief, the sole listed inventor, James C. Otto, also resides in this District.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

10. The Patent-in-Suit was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998 after full and fair examination. Plaintiff is the owner of the Patent-in-Suit, and possesses all right, title and interest in the Patent-in-Suit including the right to enforce the Patent-in-Suit, and the right to sue Defendant for infringement and recover past damages.

11. On information and belief, Defendant owns, operates, advertises, and/or controls the website www.t-mobile.com, through which Defendant advertises, sells, offers to sell, provides and/or educates customers about its products.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,719,584

12. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-11 above.

13. Plaintiff is informed and believes that Defendant has infringed and continues to infringe the Patent-in-Suit either literally or under the doctrine of equivalents through the use of positional location systems employing technologies such as the time difference of arrival (TDOA) and angle of arrival (AOA), such systems including, but not limited to, the GSM E911 Location Solution provided to Defendant by TruePosition, Inc. ("Accused Systems").

14. On information and belief, Defendant has infringed and continues to infringe one or more claims of the Patent-in-Suit. As a non-limiting example of a claim that Defendant infringes is claim 2 of the '584 Patent, which reads as follows:

> A locating system for the source of an RF signal comprising:
> (A) a clock;
> (B) plural receivers, each receiver receiving said RF signal, and each receiver comprising:
> (i) angle-of-arrival detector for computing the angle of arrival of said RF signal;
> (ii) time-of-arrival detector for determining the time of arrival at said receiver of an identifiable portion of said RF signal, said time of arrival being determined with respect to said clock;
> (iii) reporting means for reporting the detected angle-of-arrival and the detected time-of-arrival; and,
> (C) a location determining site for receiving the detected angle-of-arrival and the detected time-of-arrival from each of said plural receivers and for determining therefrom the location of said source of said RF signal.

15. Defendant's Accused Systems comprise a clock so that they can employ TDOA in their positional location calculations.

16. Defendant's Accused Systems comprise an angle-of-arrival detector in that they are multi-sector systems that, based upon cell site/sector location information, detect the approximate angle of arrival of an RF signal from a source. On its website, Defendant states: "Phase I service also identifies the cell site/sector location information

that the call was originated on to the call-taker's computer screen." *See* http://www.t-mobile.com/Company/CompanyInfo.aspx?tp=Abt_Tab_CompanySafety&tsp=Abt_Sub_911.

17. Defendant's Accused Systems further comprise a time-of-arrival detector, as evidenced by the fact that they use Uplink TDOA technology. Defendant states on its website, "since early 2004, T-Mobile has been deploying Phase II services. T-Mobile utilizes a hybrid solution, referred to as U-TDOA, Uplink-Time Difference of Arrival and AGPS, Assisted Global Positioning System, to provide an estimated Phase II location to the 9-1-1 Communications Center." *See id.*

18. Defendant's use of the AOA and TDOA technologies further indicates the presence in the Accused Systems of a reporting means for reporting the detected angle-of-arrival and the detected time-of-arrival.

19. Finally, the presence in the Accused Systems of receiver towers and/or base stations indicates sites for receiving the data and determining positional location.

20. Defendant's aforesaid activities have been without authority and/or license from Plaintiff. Thus, Defendant is liable for infringement under 35 U.S.C. § 271.

21. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

22. Defendant's acts of infringement of Plaintiff's rights under the Patent-in-Suit has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is

no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

## JURY DEMAND

23. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patent-in-Suit;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

E. Any further relief that this Court deems just and proper.

Dated: August 1, 2013

Respectfully submitted,

*[signature]*

Brian R. Gilchrist, FL Bar #774065
bgilchrist@addmg.com
ALLEN, DYER, DOPPELT
 MILBRATH & GILCHRIST, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, FL  32802-3791
Telephone: (407) 841-2330
Facsimile:  (407) 841-2343

*Counsel for Plaintiff Guidance IP, LLC*