## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

GUIDANCE IP LLC,

        Plaintiff,

v.                                                   Case No. 6:13-cv-1168-Orl-36GJK

T-MOBILE USA, INC.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant T-Mobile USA, Inc.'s ("T-Mobile") Motion to Transfer Venue. (Doc. 16.) Plaintiff Guidance IP LLC ("Guidance") responded in opposition (Doc. 28) and T-Mobile replied (Doc. 31). For the following reasons, T-Mobile's motion will be granted.

### I. BACKGROUND

This case concerns T-Mobile's alleged infringement of Guidance's Patent No. 5,719,584 entitled "System and Method for Determining the Geolocation of a Transmitter" (the "'584 Patent").[1] Doc. 1 ¶ 1. Guidance is the owner of the '584 Patent and is a Delaware corporation based in New York. *Id.* ¶ 2. T-Mobile is a Delaware corporation with its principal place of business in Bellevue, Washington. *Id.* ¶ 3. The sole inventor listed on the '584 Patent is James C. Otto, who resides in Indian Harbor Beach, Florida. Doc. 1-1 at 2. The original assignee of the '584 Patent is Harris Corporation ("Harris"), the headquarters of which are located in Melbourne, Florida. *Id.*; Doc. 1 ¶ 7.

---

[1] The '584 Patent is filed with the Court as Doc. 1-1.

The United States Patent and Trademark Office issued the '584 Patent on February 17, 1998. Doc. 1 ¶ 10. Approximately one month prior to the initiation of this case, Harris Corporation assigned the '584 Patent to North South Holdings, Inc., which later assigned it to Guidance. Doc. 16-2 at 5-6. Guidance initiated this case on August 1, 2013. *See* Doc. 1 at 1. Guidance asserts one count for T-Mobile's alleged infringement of the '584 Patent through its manufacture, use, sale, offer for sale, importation, or a combination of the foregoing with respect to a positional location system that is covered by one or more claims of the '584 Patent. *See id.* ¶¶ 11, 13-14. Specifically, Guidance takes issue with T-Mobile's use of the GSM E911 Location Solution provided to T-Mobile by TruePosition, Inc. ("TruePosition"). *Id.* ¶ 13. Guidance has not alleged that TruePosition has any connection to Florida. TruePosition's website states that its headquarters are located in Berwyn, Pennsylvania. *See* Doc. 16-2 at 16.

Contending that the United States District Court for the Western District of Washington would be a more convenient forum, T-Mobile now moves to transfer this case to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1404(a).

## II. ANALYSIS

In patent cases, the law of the Federal Circuit governs. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). However, the Federal Circuit applies the law of the appropriate regional circuit when considering whether to transfer a case pursuant to 28 U.S.C. § 1404(a). *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003). Therefore, the law of the Eleventh Circuit applies with respect to transfer of this case.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to

2

any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The movant seeking transfer bears the burden of establishing that its suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). In the Eleventh Circuit, courts apply the following factors to determine whether transferring a case under § 1404(a) is proper:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). However, no single factor is dispositive. *Brandywine Commc'ns Techs., LLC v. Cisco*, No. 6:11-cv-1843-Orl-36DAB, 2012 WL 8281188, at *2 (M.D. Fla. Mar. 26, 2012).

    *A. Propriety of Venue in the Western District of Washington*

As a threshold matter, the Court must determine whether Guidance could have brought this action in the Western District of Washington. *See* 28 U.S.C. § 1404(a). "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also* 28 U.S.C. § 1391(c)(2). T-Mobile is the only defendant against whom Guidance asserted a claim in this case. T-Mobile is headquartered in Bellevue, Washington, which is located within the Western District of Washington. Therefore, Guidance could have properly brought this case in the United States District Court for the Western District of Washington. Having determined that the proposed transferee forum would be a proper venue, the Court next turns to the factors articulated in *Manuel*.

B. *The Convenience of the Witnesses*

With respect to considering whether transfer of venue is appropriate, the Middle District of Florida gives great weight to the convenience of the witnesses. *Suomen Colorize Oy v. DISH Network, L.L.C.*, 801 F. Supp. 2d 1334, 1338 (M.D. Fla. 2011) (quoting *Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1352 (M.D. Fla. 1999)). In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). The same holds true in this case with respect to the testimony of likely witnesses. T-Mobile's national engineering team that manages the TruePosition technology (the "Location Technology Team") is based in Bellevue, Washington. Doc. 16-1 ¶ 4. Since June 2012, Dan Wilson has managed this team from Bellevue, Washington. *Id.* ¶¶ 2, 4. Justin Mueller managed the Location Technology Team from March 2012 to June 2012 and prior to 2009. *Id.* ¶ 4(i). Mueller continues to work for T-Mobile in Bellevue, Washington. *Id.* Magesh Annamalai managed the Location Technology Team from November 2003 to March 2012. *Id.* ¶ 4(ii). Annamalai left T-Mobile in March 2012 and now is believed to live and work in the San Francisco, California area. *Id.* Tony Fung, T-Mobile's lead engineer for the TruePosition product, works in Bellevue, Washington. *Id.* ¶ 4(iii). Wilson explains that at least five current or former members of the Location Technology Team have provided support for TruePosition products in a significant capacity and that each of these individuals currently works for T-Mobile in Bellevue, Washington. *Id.* ¶ 4(iv).

T-Mobile divides its engineering team according to four national regions—Central, South, Northeast, and West. *Id.* ¶ 7. The regional engineering teams provide support for T-Mobile's location services, and each regional engineering team has a manager. *Id.* None of the regional

managers are located in Florida. *Id.* Outside of its engineering team, T-Mobile's finance, marketing, and sales teams are based in Bellevue, Washington. *See id.* ¶¶ 10-12. Ultimately, none of T-Mobile's current or former employees that are likely witnesses in this case live or work in the Middle District of Florida.

Guidance submits that Otto resides within this district and that his testimony will be relevant with respect to multiple issues in this case. T-Mobile argues that with respect to considering the convenience of witnesses, Otto should be treated as an expert witness rather than an independent third-party witness. Guidance's counsel is representing Otto in connection with this case. *See* Doc. 38 ¶ 3. Therefore, with respect to the *Manuel* factors, the Court will consider Otto as an expert witness rather than an independent third-party witness. This Court has previously held that "little or no consideration" should be given to the convenience of an expert witness. *See Suomen Colorize Oy*, 801 F. Supp. 2d at 1339; *Silong v. United States*, No. 5:05-cv-55-Oc-10GRJ, 2006 WL 948048, at *3 n.20 (M.D. Fla. Apr. 12, 2006). Therefore, the Court will not consider whether proceeding with this case in this Court, as opposed to the United States District Court for the Western District of Washington, would be more or less convenient for Otto as a likely witness.

Guidance also identifies John Regnier as a potential witness. At the time of Otto's invention of the subject matter claimed in the '584 Patent, Regnier was the Chief System Engineer at Harris and a team member with Otto. Doc. 28-1 ¶ 8. Regnier continues to be employed by Harris and resides in Melbourne, Florida. *Id.* Otto explains that Regnier could "attest to my development of the inventions." *Id.* T-Mobile argues that Regnier's testimony would be insufficient to corroborate Otto's testimony regarding conception and characterizes Regnier's testimony as having unclear relevance. However, even if the Court were to resolve this uncertainty

5


in Guidance's favor, the convenience of the witnesses would still clearly favor transferring this case to the Western District of Washington.

### C. Location and Ease of Access to Evidence

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)).  T-Mobile maintains the majority of its business records in or near Bellevue, Washington. Doc. 16-1 ¶ 13. T-Mobile maintains its technical and engineering documents related to its location services, including TruePosition products, in Bellevue, Washington. *Id.* ¶ 8. The relative weight of this factor with respect to documents is reduced given the prevalence of imaging and communications technology. *See Brandywine Commc'ns Techs.*, 2012 WL 8281188, at *6. Therefore, this factor also weighs in favor of transfer, albeit with reduced weight.

### D. The Convenience of the Parties

As with the convenience of the witnesses, the Middle District of Florida gives great weight to this factor. *Suomen Colorize Oy*, 801 F. Supp. 2d at 1338 (quoting *Am. Aircraft Sales Int'l*, 55 F. Supp. 2d at 1352). Guidance does not argue that it conducts business within this district, nor does it argue that it has employees within this district. Guidance makes no contention that its business operations would suffer additional disruption if the Court transferred this case to the Western District of Washington. Guidance simply argues that the burden upon T-Mobile associated with litigating in this Court would be shifted to it if the Court transferred this case to the United States District Court for the Western District of Washington.

With respect to T-Mobile, Wilson explains that if any of the members of the Location Technology Team had to leave Bellevue for a significant period of time to attend trial in the Middle District of Florida, such absence would disrupt the team's work. Doc. 16-1 ¶ 5. Therefore, in the same manner as explained by the Court in *Brandywine*, the burden of requiring likely witnesses to travel across the United States would fall most heavily on T-Mobile through both the immediate expense of travel and the losses incurred as a result of business disruption. *See Brandywine Commc'ns Tech.*, 2012 WL 8281188, at *5; *see also Response Reward Sys., L.C. v. Meijer, Inc.*, 189 F. Supp. 2d 1332, 1340 (M.D. Fla. 2002). Therefore, this factor weighs in favor of transfer.

   *E.  The Locus of Operative Facts*

"[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citing *In re Genentech, Inc.*, 566 F.3d at 1347, and *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317-18 (Fed. Cir. 2008)). This Court has previously stated, "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *Brandywine Commcn's Techs.*, 2012 WL 8281188, at *3 (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010), and *In re Hoffman-La Roche Inc.*, 587 F.3d at 1338). The same principle applies in this case. T-Mobile sells products and services throughout the United States and uses TruePosition equipment throughout the United States; however, neither gives rise to a substantial interest in this district. The alleged infringement—T-Mobile's implementation of TruePosition technology—is centered in Bellevue, Washington. *See Brandywine Commcn's Techs., LLC v. AT&T Corp.*, No. 6:12-cv-283-Orl-36DAB, 2012 WL 1658810, at *5 (M.D. Fla. Apr. 25, 2012), *adopted* 2012 WL 1658533, at *1 (M.D. Fla. May 11,

2012) ("While the Court finds some connection to the prosecution history of the patents-in-suit here, the cause of action implicates the actions of *Defendants* which allegedly appear to have occurred in [the transferee forum].") Therefore, this factor weighs in favor of transfer.

### F. Ability to Compel Unwilling Witnesses

Pursuant to Rule 45(c)(1) of the Federal Rules of Civil Procedure, a district court may compel an individual's attendance at a trial, hearing, or deposition through the issuance of a subpoena within 100 miles of where the person resides, is employed, or regularly transacts business in person or, solely with respect to attending a trial, within the state where the person resides, is employed, or regularly transacts business in person if the individual would not incur substantial expense. The implications of this rule are clear in this case—with the exception of Annamalai, the United States District Court for the Western District of Washington could compel the attendance of each of the likely witnesses that T-Mobile identifies, whereas this Court could not. Conversely, this Court could compel the attendance of Otto and Regnier, whereas the United States District Court for the Western District of Washington could not. However, as discussed above, Otto is more akin to an expert witness than a third-party witness. Therefore, no consideration is necessary with respect to a court's ability to compel his attendance. Although neither forum provides for subpoena power that includes all possible witnesses, this factor weighs in favor of transfer.

### G. The Relative Means of the Parties

Guidance has opted to litigate this case at a great geographic distance from its headquarters. Although Guidance argues that T-Mobile's means vastly outstrip its own, the Court finds no reason to believe that litigating this case in the Western District of Washington as opposed to the Middle

8

District of Florida would be substantially more burdensome with respect to Guidance's means. Additionally, where a plaintiff to a patent claim chooses a distant forum with minimal connection to the alleged infringement, Courts often find that this factor is neutral. *See Brandywine Commc'ns Techs.*, 2012 WL 8281188, at *7. Therefore, for each of these reasons, this factor is neutral.

    *H. Familiarity with Governing Law*

This Court and the United States District Court for the Western District of Washington are equivalently well-versed in the applicable federal law of patents. *See id.* at *6. Therefore, this factor is neutral.

    *I. The Weight Accorded to Guidance's Choice of Forum*

Ordinarily, federal courts accord deference to a plaintiff's choice of forum, and the burden is on the movant to demonstrate that the suggested forum is more convenient or that litigation there would be in the interests of justice. *See Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citing *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. Unit B July 1981)). However, "[i]n patent cases, the preferred forum is the defendant's place of business as that usually constitutes the center of gravity of the alleged patent infringement." *Proven Winners N. Am., LLC v. Cascade Greenhouse*, No. 2:06-cv-428-FtM-29DNF, 2007 WL 1655387, at *2 (M.D. Fla. June 6, 2007) (citing *Houston Trial Reports, Inc. v. LRP Publ'ns*, 85 F. Supp. 2d 663, 668 (S.D. Tex. 1999)). Moreover, "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." *Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007) (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981), *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1375-76 (S.D. Fla. 2003),

and *Cellularvision Tech. & Telecomm., L.P. v. Cellco P'ship*, No. 06-60666-CIV, 2006 WL 2871858, at *3 (S.D. Fla. Sept. 12, 2006)).

In this case, the Middle District of Florida is not Guidance's home forum. While it is true that T-Mobile does business in this district as part of its nationwide business, T-Mobile's business is not particularly tied to Guidance's infringement allegations in this case. As this Court has stated previously, "'the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue.'" *Brandywine Commc'ns Techs.*, 2012 WL 8281188, at *3 (quoting *In re Acer Am. Corp.*, 626 F.3d at 1256). Additionally, T-Mobile's alleged infringement occurs throughout the United States and is not focused on, or uniquely felt, in this district. *See id; Suomen Colorize Oy*, 801 F. Supp. 2d at 1338. Accordingly, the Court affords minimal deference to Guidance's choice of forum in the Middle District of Florida.

*J. Trial Efficiency and the Interests of Justice*

With respect to this factor, courts often examine the relative interests of the two forum states, relative hardship of the parties, and questions of judicial economy. *See Suomen Colorize Oy*, 801 F. Supp. 2d at 1339. Neither party presents any argument as to whether this Court or the United States District Court for the Western District of Washington would be able to handle this case more efficiently or expeditiously. However, the Court finds that it would be substantially more efficient and practical to try this case in the Western District of Washington. "With the greater availability of relevant witnesses and evidence," the Western District of Washington "is better situated to effectively resolve the issues in this case without overwhelming disruption to the parties." *Id*. Finally, Florida lacks any particular interest in protecting a non-resident corporation from alleged patent infringement that lacks a particular connection to this state.

III. CONCLUSION

Ultimately, T-Mobile has carried its burden of demonstrating that the balance of the factors articulated by the United States Court of Appeals for the Eleventh Circuit in *Manuel* strongly favors transfer. With respect to this case, the Western District of Washington is clearly a more convenient forum than the Middle District of Florida. Accordingly, it is hereby **ORDERED** as follows:

1. Defendant T-Mobile USA, Inc.'s Motion to Transfer Venue (Doc. 16) is **GRANTED**.

2. Defendant T-Mobile USA, Inc.'s Motion to Stay Claim Construction Proceedings Pending Court's Ruling on Defendant's Motion to Transfer Venue (Doc. 46) is **DENIED as moot**.

3. This case is **TRANSFERRED** to the United States District Court for the Western District of Washington, Seattle Division.

4. The Clerk of the Court is directed to terminate all deadlines and immediately transfer this case to the United States District Court for the Western District of Washington, Seattle Division.

5. After transfer has been effected, the Clerk of the Court is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2014.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record